| | | |
|---|---|---|
| MICHAEL FOXWELL<br>8980 Shell Road<br>Delmar, Maryland 21875 | * | CASE NO.: _____ |
| | * | IN THE CIRCUIT COURT |
| Plaintiff | * | FOR WORCESTER COUNTY |
| v. | * | STATE OF MARYLAND |
| DOUGLAS STEPHEN MARTIN<br>500 Boyd's School Road<br>Apt 206<br>Gettysburg, Pennsylvania 17325 | * | |
| | * | |
| and | * | |
| BRITTANY CARBAUGH<br>500 Boyd's School Road<br>Apt 206<br>Gettysburg, Pennsylvania 17325 | * | |
| | * | |
| Defendants | * | |

## COMPLAINT

Plaintiff, Michael Foxwell, by his attorney James L. Otway, Esquire and Otway, Russo & Rommel, P.C., sue Defendants, Dougles Stephen Martin and Brittany Carbaugh, and states as follows:

### PARTIES, VENUE, AND JURISDICTION

1. Plaintiff, Michael Foxwell, is a resident of Delmar, Wicomico County, Maryland.

2. Defendants, Douglas S. Martin and Brittany Carbaugh are residents of Gettysburg, Pennsylvania.

3. Defendant was operating the vehicle which struck Plaintiff's vehicle, as further alleged below.

4. This claim arises out of a motor vehicle collision which occurred on Route 50 in West Ocean City, Worcester County, Maryland.

5. The amount in controversy exceeds the minimum jurisdictional limit of this Court.

6. Both venue and jurisdiction are, therefore, appropriate in the Circuit Court for Worcester County, Maryland.

## FACTS COMMON TO ALL COUNTS

7. On June 16, 2012, Plaintiff was eastbound on Route 50 in West Ocean City, Maryland and stopped for a red traffic signal.

8. At or about the same time, Defendant, Douglas S. Martin, was also operating a motor vehicle and travelling eastbound on Route 50, was driving too fast, failed to give his full time and attention to the roadway and operation of the vehicle, and struck the rear of, Plaintiff's motorcycle. The impact of the collision caused Plaintiff's motorcycle to collide into rear of the vehicle infront of him and caused his motorcycle to fall.

## COUNT I - NEGLIGENCE
(*Michael Foxwell v. Dougles S. Martin*)

9. Plaintiff, Michael Foxwell, adopts by reference the allegations contained in paragraphs 1 through 9 of this Complaint with the same effect as if herein fully set forth.

10. At all times relevant, Defendant owed a duty to Plaintiff and others using the roadways to operate his motor vehicle in a safe and reasonable fashion.

11. Defendant breached that duty by, among other things, failing to keep a proper lookout, failing to give his full time and attention to the roadway, driving too fast and in an unsafe manner, and otherwise negligently operating his vehicle.

12. As a direct and proximate result of Defendant's aforementioned negligent acts, Plaintiff was caused to suffer serious bodily injuries to his neck, back and left shoulder as well as substantial damage to his motor vehicle.

13. As a further direct and proximate result of Defendant's aforementioned negligent acts, Plaintiff has suffered both economic and non-economic damages, including but not limited to, medical and other treatment costs, and property damage.

14. As a further direct and proximate result of Defendant's aforementioned negligent acts, Plaintiff will require future medical care and will incur future economic and non-economic damages.

WHEREFORE, Plaintiff, Michael Foxwell, demands judgment against Defendant, Douglas S. Martin, in excess of $75,000.00 plus attorneys' fees and costs associated with these proceedings.

## COUNT II - NEGLIGENT ENTRUSTMENT
*(Michael Foxwell v. Brittany Carbaugh)*

Plaintiff, Michael Foxwell, sues Defendant, Brittany Carbaugh, and for a second cause of action states as follows:

15. Plaintiff incorporates herein by reference all of the allegations of paragraphs 1- 11 above as fully as if said allegations had been repeated at length herein.

16. At all times relevant hereto, Defendant, Douglas S. Martin, was acting as the agent of the owner of the motor vehicle, Brittany Carbaugh.

17. At all times relevant, Defendant, Brittany Carbaugh, was the owner of the motor vehicle being operated by Defendant, Douglas S. Martin.

18. Defendant, Brittany Carbaugh, owed a duty to the public, including the Plaintiff, to assure that they entrusted her motor vehicle only to persons in whom such trust was reasonably placed.

19. In breach of that duty, Defendant, Brittany Carbaugh, entrusted to Douglas S. Martin the motor vehicle he was operating at the time of the subject collision.

20. At the time, Defendant, Brittany Carbaugh, knew or had reason to know that it was likely that because of Defendant, Douglas S. Martin, would operate the motor vehicle in a manner which involved an unreasonable risk of harm to Michael Foxwell and to others.

21. Defendant, Douglas S. Martin, did operate the motor vehicle in such an unreasonable and negligent manner. As a direct and proximate result thereof, he caused a motor vehicle collision between the motor vehicle he was operating and the motorcycle being operated by Michael Foxwell.

22. As a direct and proximate result of the aforementioned negligence of Defendant, Douglas S. Martin, Michael Foxwell sustained serious bodily injuries as well as other economic and non-economic damages.

23. As a further direct and proximate result of the negligent entrustment of a motor vehicle to Douglas S. Martin, by Brittany Carbaugh, Michael Foxwell suffered both economic and non-economic damages, including but not limited to, medical and other treatment costs.

WHEREFORE, Plaintiff, Michael Foxwell, demands judgment against Defendant, Brittany Carbaugh, in excess of $75,000.00 plus attorneys' fees and costs associated with these proceedings.

Date: March 18, 2014

James L. Otway, Esquire
OTWAY RUSSO & ROMMEL, P.C.
P.O. Box 4096
Salisbury, Maryland 21803
410-749-3900
*Attorneys for Plaintiffs*

| | | |
|---|---|---|
| MICHAEL FOXWELL<br>8980 Shell Road<br>Delmar, Maryland 21875 | * | CASE NO.: _____ |
| | * | IN THE CIRCUIT COURT |
| Plaintiff | * | FOR WORCESTER COUNTY |
| v. | * | STATE OF MARYLAND |
| DOUGLAS STEPHEN MARTIN<br>500 Boyd's School Road<br>Apt 206<br>Gettysburg, Pennsylvania 17325 | * | |
| | * | |
| and | * | |
| BRITTANY CARBAUGH<br>500 Boyd's School Road<br>Apt 206<br>Gettysburg, Pennsylvania 17325 | * | |
| | * | |
| Defendants | * | |

## JURY DEMAND

Plaintiff, pursuant to Md. Rule 2-325(a), demands trial by jury on all counts of the Complaint filed in this matter.

Date: March 18, 2014

James L. Otway, Esquire
OTWAY RUSSO & ROMMEL, P.C.
P.O. Box 4096
Salisbury, Maryland 21803
410-749-3900
*Attorneys for Plaintiffs*